## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| AUTOMATIC EQUIPMENT MANUFACTURING COMPANY, d/b/a BLUE OX, a Nebraska company,<br><br>      **Plaintiff/Counter Defendant,**<br><br>  vs.<br><br>DANKO MANUFACTURING, LLC, a Colorado limited liability company,<br><br>      **Defendant/Counter Claimant.** | **8:19CV162**<br><br>**ORDER** |

    This matter is before the Court following its review of the parties' Rule 26(f) Report (Filing No. 14) and a telephone conference held with counsel for the parties on August 21, 2019. In accordance with the matters discussed at the telephone conference,

    **IT IS ORDERED** that the schedule for the first phase of discovery is as follows:

1. The deadline for serving initial mandatory disclosures under Rule 26(a)(1) is **August 15, 2019**.

2. The deadline for moving to amend pleadings or add parties is **August 30, 2019**.

3. Defendant's Disclosure of Asserted Claims and Infringement Contentions and accompanying document production is due **September 6, 2019**.

    a) Defendant's contentions shall contain the following information:

        i. Each claim of each patent in suit that is allegedly infringed by the Plaintiff, including for each claim the applicable statutory subsections of 35 U.S.C. § 271 asserted;

        ii. Separately for each asserted claim, each accused apparatus, product, device, process, method, act, or other instrumentality ("Accused Instrumentality") of the Plaintiff of which the Defendant is aware. This identification shall be as specific as possible. Each product, device, and apparatus must be identified by name or model number, if known. Each method or process shall be identified by name, if known, or by any product, device, or apparatus which, when used, allegedly results in the practice of the claimed device, method or process;

        iii. A chart identifying specifically where and how each limitation of each asserted claim is found within each Accused Instrumentality, including for each limitation that such party contends is governed by 35 U.S.C. §

        112(6), the identity of the structure(s), act(s), or material(s) in the Accused Instrumentality that performs the claimed function;

    iv. For each claim which is alleged to have been indirectly infringed, an identification of any direct infringement and a description of the acts of the alleged indirect infringer that contribute to or are inducing that direct infringement. Insofar as alleged direct infringement is based on joint acts of multiple parties, the role of each such party in the direct infringement must be described.;

    v. Whether each element of each asserted claim is alleged to be literally present or present under the doctrine of equivalents in the Accused Instrumentality;

    vi. For any patent that claims priority to an earlier application, the priority date to which each asserted claim allegedly is entitled;

    vii. If a party claiming patent infringement wishes to preserve the right to rely, for any purpose, on the assertion that its own or its licensee's apparatus, product, device, process, method, act, or other instrumentality practices the claimed invention, the party shall identify, separately for each asserted claim, each such apparatus, product, device, process, method, act, or other instrumentality that incorporates or reflects that particular claim;

    viii. Identify the timing of the point of first infringement, the start of claimed damages, and the end of claimed damages; and

    ix. If a party claiming patent infringement alleges willful infringement, the basis for such allegation.

b) Accompanying document production should include the following, to the extent such documents are in Defendant's possession, custody or control:

    i. Documents (e.g., contracts, purchase orders, invoices, advertisements, marketing materials, offer letters, laboratory and/or field testing agreements, and third party or joint development agreements) sufficient to evidence each discussion with, disclosure to, or other manner of providing to a third party, or sale of or offer to sell, or any public use of the claimed invention prior to the date of application for the patents-in-suit, or the claimed priority date, whichever is earlier;[1]

    ii. All documents evidencing the conception, reduction to practice, design and development of each claimed invention, which were created on or before the date of application for the patents-in-suit or the claimed priority date, whichever is earlier;

    iii. A copy of the file history for each patent-in-suit;

---

[1] Defendant's production of a document as required herein shall not constitute an admission that such document evidences or is prior art under 35 U.S.C. § 102.

    iv. All documents evidencing ownership of the patent rights by the party asserting patent infringement;

    v. If a party identifies instrumentalities pursuant to paragraph (a)(7) of the Disclosure of Asserted Claims and Infringement Contentions, documents sufficient to show the operation of any aspects or elements of such instrumentalities the patent claimant relies upon as embodying any asserted claims;

    vi. All agreements, including licenses, transferring an interest in any patent-in-suit;

    vii. All agreements that the party asserting infringement contends are comparable to a license that would result from a hypothetical reasonable royalty negotiation;

    viii. All agreements that otherwise may be used to support the party asserting infringement's damages case;

    ix. If a party identifies instrumentalities pursuant to paragraph (a)(7) of the Disclosure of Asserted Claims and Infringement Contentions, documents sufficient to show marking of such embodying accused instrumentalities and if it wants to preserve the right to recover lost profits based on such products, sales, revenues, costs and profits of such embodying accused instrumentalities;

    x. The producing party shall separately identify by production number which documents correspond to each category;

4. Plaintiff's Invalidity Contentions and accompanying document production is due **September 23, 2019**.

    a) Plaintiff shall serve on Defendant its "Invalidity Contentions" which must contain the following information:

        i. The identity of each item of prior art that allegedly anticipates each of the challenged claims or renders it obvious. Each prior art patent shall be identified by its number, country of origin, and date of issue. Each prior art publication must be identified by its title, date of publication, and where feasible, author and publisher. Each alleged sale or public use shall be identified by specifying the item offered for sale or publicly used or known, the date the offer or use took place or the information became known, and the identity of the person or entity which made the use or which made and received the offer, or the person or entity which made the information known or to whom it was made known. For pre-AIA claims, prior art under 35 U.S.C. § 102(f) shall be identified by providing the name of the person(s) from whom and the circumstances under which the invention or any part of it was derived. For pre-AIA claims prior art under 35 U.S.C. § 102(g) shall be identified by providing the identities of the person(s) or entities involved and the circumstances surrounding the

        making of the invention before the patent applicant(s);

    ii. Whether each item of prior art anticipates each challenged claim or renders it obvious. If obviousness is alleged, an explanation of why the prior art renders the asserted claim obvious, including an identification of any combinations of prior art showing obviousness;

    iii. A chart identifying specifically where and how in each alleged item of prior art each element of each asserted claim is found, including for each limitation that such party contends is governed by 35 U.S.C. § 112(6), the identity of the structure(s), act(s), or material(s) in each item of prior art that performs the claimed function; and

    iv. Any grounds of invalidity based on 35 U.S.C. § 101, indefiniteness under 35 U.S.C. § 112(2) or enablement or written description under 35 U.S.C. § 112(1) of any of the asserted claims.

  b) Accompanying document production should include the following, to the extent such documents are in Plaintiff's possession, custody or control:

    i. Source code, specifications, schematics, flow charts, artwork, formulas, or other documentation sufficient to show the apparatus and method of using, making, or operation of all aspects or elements of an Accused Instrumentality identified by the patent claimant in its chart under paragraph (a)(3) of its Disclosure of Asserted Claims and Infringement Contentions;

    ii. A copy or sample of the prior art identified in part (a)(1) of the Invalidity Contentions which does not appear in the file history of the patents-in-suit. To the extent any such item is not in English, an English translation of the portion(s) relied upon must be produced;

    iii. All agreements that the party opposing infringement contends are comparable to a license that would result from a hypothetical reasonable royalty negotiation;

    iv. Documents sufficient to show the sales, revenue, cost, and profit for the accused instrumentalities identified pursuant to part (b) of the Disclosure of Asserted Claims and Infringement Contentions for any period of alleged infringement;

    v. All agreements that may be used to support the party denying infringement's damages case; and

    vi. The producing party shall separately identify by production number which documents correspond to each category.

5. Both parties shall exchange proposed terms and claim elements for construction by **September 30, 2019**.

6. The parties shall meet and confer to narrow proposed claim terms to be construed by **October 7, 2019**.

7. The parties shall exchange preliminary claim constructions and extrinsic evidence by **October 18, 2019**.

    a) At the same time the Parties exchange their respective preliminary claim constructions, they shall each also provide a preliminary identification of extrinsic evidence and testimony of percipient and expert witnesses they contend support their respective claim constructions. With respect to any witness, percipient or expert, the Parties shall also provide a brief description of the substance of that witness' proposed testimony that includes a listing of any opinions to be rendered in connection with the claim construction.

8. The parties shall meet and confer to narrow issues for their joint claim construction chart and prehearing statement by **October 25, 2019**.

9. The parties shall file their joint claim construction chart and joint prehearing statement and exchange expert reports regarding any proposed expert testimony by **November 15, 2019**.

    a) The joint claim construction chart and prehearing statement shall include the following information:

        i. The construction of those claims, terms, phrases, and clauses on which the Parties agree;

        ii. Each Party's proposed construction of each disputed claim term, phrase, and clause, together with citations to all authorities and references that support that construction, and an identification of any extrinsic evidence (including dictionary definitions, citation to learned treatises and prior art, and testimony of percipient and expert witnesses) known to the Party and upon which the Party intends to rely either in support of its proposed construction of the claim or to oppose any other Party's proposed construction of the claim;

        iii. The anticipated length of time necessary for the *Markman* hearing;

        iv. Whether any Party proposes to call any witnesses, including expert witnesses, at the *Markman* hearing, and if so, the identity of each such witness, and for each expert, a summary of each opinion to be offered in sufficient detail to permit a meaningful deposition of that expert; and

        v. An identification of any factual findings requested by the Court related to claim construction.

10. The parties shall complete claim construction discovery by **December 16, 2019**.

11. The parties will file simultaneous opening claim construction motion/briefs by **January 24, 2020**.

12. The parties will file simultaneous responsive claim construction briefs by **February 7, 2020**.

13. The parties will exchange demonstrative exhibits by **February 17, 2020**.

14. A *Markman* hearing is set to commence before Robert F. Rossiter, Jr., United States District Judge, in Courtroom 4, Roman L. Hruska Federal Courthouse, 111 South 18th Plaza, Omaha, Nebraska, at 9:00 a.m. on **February 26, 2020**, for a duration of 4-hours.

15. One week after the Court rules on issues raised at the *Markman* hearing, the parties shall submit a proposed Scheduling Order for the second phase of the case, which sets forth the specific dates for the second phase of discovery consistent with the Joint Status Report and Discovery Plan filed August 8, 2019.

Dated this 21st day of August, 2019.

BY THE COURT:

*s/* Michael D. Nelson.
United States Magistrate Judge