## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **AUTOMATIC EQUIPMENT MANUFACTURING COMPANY, d/b/a BLUE OX, a Nebraska company,** | |
| **Plaintiff/Counter Defendant,** | **8:19CV162** |
| **vs.** | **ORDER** |
| **DANKO MANUFACTURING, LLC, a Colorado limited liability company,** | |
| **Defendant/Counter Claimant.** | |

This matter is before the Court on the Motion to Intervene as Intervenor Counter-Defendant (Filing No. 26) filed by Creed-Monarch, Inc. Creed-Monarch manufactures and sells the Patriot 3 braking system that is the subject of this action. (Filing No. 27 at pp. 7-8). Creed-Monarch requests leave to intervene in this matter to protect its interests as the manufacturer of the product at issue and to fulfill its duty to defend and enforce its warranty under U.C.C. § 2-312. (Filing No. 27). Creed-Monarch attached a copy of its Answer and Affirmative Defenses (Filing No. 26 at p. 5) it intends to file to Danko Manufacturing's Counterclaims. See Fed. R. Civ. P. 24(c) ("The motion [to intervene] must state the grounds for intervention and be accompanied by a pleading that sets out the claim or defense for which intervention is sought."). No party filed a brief in opposition to Creed-Monarch's motion in the time permitted by this district's local rules. See NECivR 7.1(b)(1)(B).

Upon review of the materials submitted in support of Creed-Monarch's motion, the Court finds that Creed-Monarch has demonstrated that it should be granted leave to intervene in this action as a matter of right pursuant to Rule 24(a)(2) of the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 24(a)(2)("On timely motion, the court must permit anyone to intervene who . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest."). The Court should grant a timely motion to intervene as of right under Fed. R. Civ. P. 24(a)(2) where: "1) the proposed intervenor has an interest in the subject matter of the action; 2) the interest may be impaired; and 3) the interest is not adequately represented by an existing party to the action." *Sierra Club v.*

*Robertson*, 960 F.2d 83, 85 (8th Cir. 1992). "Rule 24 should be liberally construed with all doubts resolved in favor of the proposed intervenor." *Tweedle v. State Farm Fire & Cas. Co.*, 527 F.3d 664, 671 (8th Cir. 2008) (quoting *South Dakota ex rel. Barnett v. U.S. Dep't of Interior*, 317 F.3d 783, 785 (8th Cir. 2003)).

First, Creed-Monarch's motion is timely. See *United States v. Union Elec. Co.*, 64 F.3d 1152, 1158-59 (8th Cir. 1995) (citing *Mille Lacs Band of Chippewa Indians v. Minnesota*, 989 F.2d 994, 998 (8th Cir. 1993) ("Whether a motion to intervene is timely is determined by considering all the circumstances of the case."). This case is still in the early stages of progression; the Court only recently entered the progression order governing the first phase of discovery on August 21, 2019, (Filing No. 19), and the instant motion to intervene was filed the next day. (Filing No. 26). Besides the initial mandatory disclosure deadline, no other case deadline has passed, and Creed-Monarch has stated it will comply with the deadlines imposed in this case. No party will be prejudiced by the addition of Creed-Monarch at this time (nor did any party object to Creed-Monarch's motion).

Next, Creed-Monarch clearly established that it has an interest in this patent infringement action that may be impaired. The Patriot 3 braking system at issue in this case is manufactured by Creed-Monarch and is exclusively sold to Automatic Equipment Manufacturing Company. As such, the patent claim construction of Danko Manufacturing's patent clearly will affect Creed-Monarch's right to manufacture and sell the Patriot 3 braking system.

Finally, Creed-Monarch has demonstrated that its interests may not be adequately represented by Automatic Equipment Manufacturing Company to this action. Although Creed-Monarch and Automatic Equipment share the same legal goal, Creed-Monarch has additional interests that it is in the best position to defend itself, such as its legal duty to Automatic Equipment to warrant its product from infringement claims. See *Sierra Club*, 960 F.2d at 86 (citing *Planned Parenthood of Minnesota, Inc. v. Citizens for Cmty. Action*, 558 F.2d 861, 870 (8th Cir. 1977) (Adequacy of representation is determined by "comparing the interests of the proposed intervenor with the interests of the current parties to the action." Intervention is appropriate if these interests are "disparate," even if they share the same "legal goal."). Accordingly,

**IT IS ORDERED** that the Motion to Intervene as Intervenor Counter-Defendant (Filing No. 26) filed by Creed-Monarch, Inc. is granted. Creed-Monarch, Inc. shall file its Answer and

Affirmative Defenses to Danko's Counterclaim (Filing No. 26 at p. 5) on or before September 23, 2019.  The Clerk of Court shall add Creed-Monarch, Inc. to the case caption as Intervenor Counter-Defendant.

Dated this 9th day of September, 2019.

BY THE COURT:

s/ Michael D. Nelson
United States Magistrate Judge