IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| AUTOMATIC EQUIPMENT MANUFACTURING COMPANY, a Nebraska company;<br><br>    Plaintiff/Counter-Defendant,<br><br>and<br><br>CREED-MONARCH, INC., A Connecticut Corporation;<br><br>    Intervenor/Counter-Defendant<br><br> vs.<br><br>DANKO MANUFACTURING, LLC, a Colorado limited liability company;<br><br>    Defendant/Counter-Plaintiff. | 8:19-CV-162<br><br>**ORDER** |

This matter comes before the Court on Defendant/Counter-Plaintiff's Motion to Strike, Filing 36. For the reasons stated herein, the motion will be granted in part and denied in part.

On August 21, 2019, the Court issued an Order setting forth, inter alia, the procedure for discovery, conferences, and briefing in advance of the *Markman* hearing in this case. Filing 19. In particular, the Order required the parties to "file their joint claim construction chart and joint prehearing statement" prior to completing claim construction discovery and then filing claim construction briefs. Filing 19 at 5-6. The joint claim construction chart and prehearing statement were required to include the parties' proposed constructions of each disputed claim term, "together with citations to all authorities and references that support that construction," "an identification of

1

any extrinsic evidence . . . upon which the Party intends to rely," and "[w]hether any Party proposes to call any witnesses." Filing 19 at 5.

In compliance with the Order, the parties filed their joint claim construction charts and prehearing statement on November 15, 2019, and identified twenty disputed claim terms. Filing 31; Filing 31-1; Filing 31-2. Also in accordance with the scheduling Order, the parties filed simultaneous opening claim construction briefs on January 24, 2020. Defendant's brief addressed each of the twenty disputed claim terms in separately numbered subsections. Filing 33 at 19-40. Plaintiff and Intervenor's Brief did not separately address each claimed term, and also discussed a term not included in the parties' joint claim construction charts and prehearing statements, namely "determining whether a negative pressure is applied from a brake pedal of a towed vehicle upon an actuator arm connected to the brake pedal and extending from a main housing in an interior of the towed vehicle to the brake pedal." Filing 35 at 15. Plaintiff and Intervenor also stated that they no longer disputed and were willing to adopt Defendant's proposed construction for nine of the twenty claim terms ("positive pressure," "negative pressure signal," "negative pressure," fault alert," "means for engaging an interior surface of a towed vehicle," "fault signal," "fault," "alert," and "declaring a fault"). Filing 35 at 12. Plaintiff and Intervenor concluded their claim construction brief by stating, "The basis and argument for the other contested terms will be presented during the Markman Hearing." Filing 35 at 18.

Defendant filed a Motion to Strike portions of Plaintiff and Intervenor's claim construction brief. Filing 36. Defendant argues Plaintiff and Intervenor request to add a new claim term in an untimely fashion, fail to advance any argument on six of the disputed claim terms, and seek to adduce new arguments without notice at the *Markman* hearing. Filing 36 at 3-4. In response, Plaintiff and Intervenor ask the Court to employ its "wide latitude on procedures to follow during

claim construction" by allowing its late-filed claim term and excusing its failure to brief other terms. Filing 41 at 6-7.

The Court's scheduling Order required the parties' joint claim construction chart and prehearing statement to include a list of and proposed construction for each disputed claim term. Filing 19 at 5. Plaintiff's attempt to add a new disputed claim term not listed in the joint claim construction chart and prehearing statement is therefore untimely and Plaintiff's proposed new claim term ("determining whether a negative pressure is applied from a brake pedal of a towed vehicle upon an actuator arm connected to the brake pedal and extending from a main housing in an interior of the towed vehicle to the brake pedal") will be stricken.

Although a brief addressing all of the disputed claim terms provides the most guidance to the Court, the Court's Order did not expressly require the parties to separately address each claim term in their respective claim construction briefs. *See generally* Filing 19. Additionally, the claim construction chart already includes Plaintiff and Intervenor's proposed construction for each of the twenty disputed claim terms, despite Plaintiff and Intervenor's failure to separately brief each one. *See* Filing 31-1. Thus, allowing the un-briefed claims to proceed does not constitute "*Markman* by ambush" as Defendant claims; Defendant has notice of Plaintiff and Intervenor's proposed constructions for each term. Filing 36 at 3.

However, the Order did require the parties to disclose whatever authorities, references, extrinsic evidence, and witnesses they intend to rely on for each disputed claim at the *Markman* hearing. Filing 19 at 5. Thus, while the Motion to Strike is denied as to Plaintiff and Intervenor's six un-briefed claims, Plaintiff and Intervenor have waived their ability to adduce any authorities, references, extrinsic evidence, or witnesses not already disclosed.

**Procedural Matters**

Given the current outbreak of COVID-19 in the United States, the Court will provide the option to participating parties of attending the *Markman* hearing on March 23, 2020, either in person or via videoconference. The parties are ordered to file all exhibits to be received as evidence at the March 23, 2020, hearing, which shall be marked in accordance with court rules, by Thursday, March 19, 2020. The parties must electronically provide the Court via chambers email (buescher@ned.uscourts.gov) (but need not file) all demonstrative exhibits, which were to be exchanged by February 17, 2020, in accordance with [Filing 19](), by March 19, 2020.

All parties are instructed to contact courtroom deputy Laura Coyle (Laura_Coyle@ned.uscourts.gov or (402) 661-7354) by Wednesday, March 18, 2020, to inform the Court whether the party *may* ultimately decide to appear via videoconference. The party wishing to use videoconference shall arrange with Ms. Coyle a time prior to the hearing to test equipment to make sure connectivity will work. Local counsel may appear in person with national counsel for a party on videoconference if they so choose. The March 23, 2020, hearing is moved to Courtroom 5 to accommodate those who wish to attend via videoconference. Parties may attend in person if they so desire.

The parties were ordered to provide in their joint filing on November 15, 2019, the identity of each witness, including expert witnesses, that any party wishes to call at the Markman hearing. [Filing 19 at 5](). The parties communicated to the Court "that expert testimony is unnecessary for the purposes of claim construction." [Filing 31]() at 2. Thus, there will be no experts at the *Markman* hearing. The parties further identified no other witnesses to present evidence at the *Markman* hearing. Thus, no witnesses will be allowed without good cause shown as to why witnesses were not identified in accordance with the Court's previous order.

Accordingly,

IT IS ORDERED:

1. The Court will adopt Defendant's proposed construction for the nine previously disputed claim terms which Plaintiff and Intervenor no longer contest and said terms will not be further addressed at the *Markman* hearing;

2. Defendant's Motion to Strike, [Filing 36](), is granted as to the additional claim term which Plaintiff and Intervenor attempted to untimely add;

3. Defendant's Motion to Strike, [Filing 36](), is denied as to the remaining disputed claim terms, but Plaintiff and Intervenor are cautioned that, in accordance with the Court's Order at [Filing 19](), they will not be permitted to adduce any authorities, references, extrinsic evidence, or witnesses at the *Markman* hearing which have not already been disclosed;

4. The parties must file the exhibits they intend to offer and must email any demonstrative exhibits to the Court by March 19, 2020;

5. The parties are to communicate and coordinate with the courtroom deputy regarding appearing via videoconference for the *Markman* hearing.

Dated this 12th day of March, 2020.

BY THE COURT:

_____
Brian C. Buescher
United States District Judge
