IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| AUTOMATIC EQUIPMENT MANUFACTURING COMPANY, a Nebraska company;<br><br>Plaintiff/Counter-Defendant,<br><br>and<br><br>CREED-MONARCH, INC., A Connecticut Corporation;<br><br>Intervenor/Counter-Defendant<br><br>vs.<br><br>DANKO MANUFACTURING, LLC, a Colorado limited liability company;<br><br>Defendant/Counter-Plaintiff. | 8:19-CV-162<br><br>MEMORANDUM AND ORDER |

## I. INTRODUCTION

This matter comes before the Court on Plaintiff/Counter-Defendant's, Automatic Equipment Manufacturing Company doing business as Blue Ox's, and Intervenor/Counter-Defendant's, Creed Monarch, Inc.'s (jointly, "Blue Ox's") motion seeking an award of attorney fees and costs. Filing 166. Defendant, Danko Manufacturing, LLC, opposes the motion. Filing 167. For the reasons stated herein, the Court denies Blue Ox's request for attorney fees and costs.

## II. BACKGROUND

In this patent case, Danko, the patent-holder, claimed Blue Ox infringed on its patent while Blue Ox claimed the patent was invalid because it was anticipated by earlier inventions. Following a trial in this matter, the jury returned a verdict in favor of Danko, finding the patent was valid and

1

Blue Ox had infringed it. Filing 139. The jury awarded Danko $2,417,500 in damages. Filing 139. Following the verdict, the Court granted Blue Ox judgment as a matter of law pursuant to Federal Rule of Civil Procedure 50(b) as to the issue of infringement. Filing 163 at 15-22. Accordingly, the Court reversed the jury's damages award. Filing 163 at 22-28. The Court determined the jury's verdict finding the patent valid should stand. Filing 163 at 28-30.

Following the entry of judgment as a matter of law as to the issue of infringement, Filing 164, Blue Ox filed its motion seeking attorney fees and costs. Filing 166.

### III. ANALYSIS

#### A. Attorney Fees

Blue Ox argues it is entitled to attorney fees because this case is exceptional. Filing 166-1 at 1-2. Blue Ox points out that the Court granted its motion in limine prior to trial holding, in part, that Danko's inventor–witnesses would not be permitted to present expert testimony regarding infringement. Filing 166-1 at 2; Filing 120 at 2-4. Because Danko's only other proposed witness was Blue Ox's own expert witness, Blue Ox argues Danko knew it had no evidence to support its arguments and should not have proceed on its infringement case. Filing 166-1 at 2-3. Danko opposes the attorney-fees motion arguing it does not meet the high bar of exceptionality required by statute. Filing 167. The Court agrees with Danko that Blue Ox is not entitled to attorney fees.

A request for attorney fees must "specify the judgment and the statute, rule, or other grounds entitling the movant to the award" and "state the amount sought or provide a fair estimate of it." Fed. R. Civ. P. 54(d)(2). In a patent case, "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party." 35 U.S.C. § 285. "[A]n 'exceptional' case is simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner

2

in which the case was litigated." *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 554 (2014). "District courts may determine whether a case is 'exceptional' in the case-by-case exercise of their discretion, considering the totality of the circumstances." *Id.*

In support of its motion, Blue Ox submits attorney declarations documenting the amount of time spent on the case and each attorney's hourly rate. Filing 166-2. The fees are divided into the general categories of pretrial, trial, and post-trial work. *See, e.g.*, Filing 166-2 at 6. Blue Ox also submits a copy of a letter it sent to Danko following the motion-in-limine ruling informing Danko of its intent to seek attorney fees should Danko proceed with its infringement case. Filing 166-2 at 10.

This case does not merit an award of attorney fees. First, it is not apparent that Blue Ox is the "prevailing party" for purposes of 35 U.S.C. § 285. Blue Ox prevailed on the issue of infringement but lost on its chase in chief seeking to declare the patent invalid. *See, e.g.*, *Silicon Graphics, Inc. v. ATI Techs., Inc.*, 569 F. Supp. 2d 819, 833 (W.D. Wis. 2008), *aff'd*, 607 F.3d 784 (Fed. Cir. 2010) (finding neither side was the prevailing party for purposes of § 285 where the judgment was split on the issue of infringement and invalidity).

Even if Blue Ox were the "prevailing party" it has still not met the high bar of exceptionality required by statute. While Danko ultimately did not meet its burden to demonstrate infringement at trial, the Court cannot say its litigating position was so unreasonable as to stand out from other cases. *See Octane Fitness*, 572 U.S. at 554. Importantly, while Blue Ox ultimately prevailed post-judgment on the issue of infringement, the jury's verdict in Danko's favor on the issue of invalidity was permitted to stand, demonstrating Danko's case was not the type of "unreasonable" position warranting attorney fees. *See id.*; *cf. Gharb v. Mitsubishi Elec. Corp.*, 148 F. Supp. 3d 44, 55 (D.D.C. 2015) (finding case exceptional and awarding attorney fees where the

3

party's position was entirely meritless as had already been determined in a previous case against a different defendant). Accordingly, Blue Ox is not entitled to an award of attorney fees.

### B. Costs

Blue Ox also seeks taxation of costs. *See* Filing 166 (Blue Ox's motion asking the Court to "award attorneys' fees *and costs*" (emphasis added)). The Court finds Blue Ox is not entitled to recover its costs in this matter.

"[C]osts—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). Pursuant to the Court's local rules, "[a] party entitled to recover costs must file within 30 days after entry of judgment a verified bill of costs on a form available on the court's web page." NECivR 54.1(b). 28 U.S.C. § 1920 specifies the items a court may tax as costs, such as filing fees, transcript fees, printing fees, and copying fees.

One of Blue Ox's attorneys submitted a declaration seeking $3,681.42 for "Costs Billed." Filing 166-2 at 18. The purported costs are not itemized but the attorney avers in general terms that "[t]he costs incurred included costs for copies of exhibits and other documents used in the preparation and at trial, shipping/postage charges, food for lawyers/witnesses/trial support team during trial and the preparation of the trial transcript in connection with the post-verdict motion filed by Plaintiffs." Filing 166-2 at 18.

As above for attorney fees, Blue Ox has not demonstrated it is the "prevailing party" for purposes of being entitled to costs. Blue Ox prevailed on the issue of infringement, but Danko prevailed on the question of the validity of its patent. *See, e.g.*, *Senior Techs., Inc. v. R.F. Techs., Inc.*, 190 F.R.D. 642, 644 (D. Neb. 2000) (denying recovery of costs in patent case where the judgment was split, finding the patent valid but not infringed, and stating, "Because the judgment entered in this case did not materially alter the legal relationship between [the parties] by

modifying either party's behavior in a way that directly benefits the other party, neither party is a "prevailing party" for purposes of Fed. R. Civ. P. 54(d)(1)").

Additionally, Blue Ox has not submitted a verified-bill-of-costs form as required by the Court's local rules nor has it documented that it is entitled to recover the amount it seeks as purported costs. *See* NECivR 54.1(b). Blue Ox has not presented evidence or authority that certain of these items, such as attorney meals, are recoverable costs under 28 U.S.C. § 1920. Because Blue Ox provides no itemization and instead makes only a blanket request for costs that appears to include potentially unrecoverable amounts, the Court must deny Blue Ox's request for costs in full.

## IV. CONCLUSION

Blue Ox did not prevail on all issues and has failed to meet the high bar of exceptionality for demonstrating it is entitled to an award of attorney fees in this case. Furthermore, Blue Ox is not the prevailing party, has failed to comply with the Court's local rules, and has failed to present evidence with respect to its requests for costs. Accordingly, its motion for attorney fees and costs must be denied.

IT IS ORDERED:

1. Blue Ox's motion seeking attorney fees and costs, Filing 166, is denied.

Dated this 9th day of March, 2022.

BY THE COURT:

Brian C. Buescher
United States District Judge